*Facility Gateway Corp. v. Sovernet, Inc.*, No. 273-3-17 Cncv (Mello, J., Nov. 7, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| FACILITY GATEWAY CORPORATION, Plaintiff | |
| v. | Docket No. 273-3-17 Cncv |
| SOVERNET, INC., ATN INTERNATIONAL and OHCP NORTHEASTERN FIBER BUYER, INC. Defendants | |

DECISION ON DEFENDANT OHCP NORTHEASTERN FIBER BUYER, INC.'S
MOTION TO DISMISS

In this civil action, Plaintiff Facility Gateway Corporation seeks to recover from defendants the sum of $2,397,506.30, which Plaintiff claims to be owed for services it provided to Defendant Sovernet, Inc. pursuant to a contract to design and build Sovernet's datacenter in Williston, Vermont. The only cause of action that Plaintiff has asserted against Defendant OHCP Northeastern Fiber Buyer, Inc. is a claim of unjust enrichment (Amended Complaint, Count Four). Defendant OHCP has moved to dismiss the plaintiff's amended complaint for lack of personal jurisdiction pursuant to V.R.C.P. Rule 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to V.R.C.P. Rule 12(b)(6). Plaintiff opposes the motion. Plaintiff is represented by Erin Miller Heins, Esq., and OHCP is represented by Christopher D. Roy, Esq. and Steven Crowley, Esq.

OHCP's Motion to Dismiss Pursuant to V.R.C.P. 12(b)(2)

On November 20, 2014, Plaintiff and Sovernet entered into a contract under which Plaintiff agreed to design and build a datacenter for Sovernet at Pioneer Drive in Williston, Vermont. The contract was amended a number of times over the course of time. On December 29, 2016, Plaintiff achieved substantial completion of the project, and in January of 2017, Plaintiff submitted its application for final payment to Sovernet. On March 15, 2017, Plaintiff sent an email to Sovernet stating "[w]e have reached final completion of your punch list." Plaintiff commenced this lawsuit on March 21, 2017, and on April 6, 2017, Plaintiff sent Sovernet a letter stating that, due to Sovernet's

failure to pay the remaining amounts owed for the completed work on the datacenter, Plaintiff had stopped work on the project.[1]

Plaintiff is a Wisconsin corporation engaged in the business of providing facility design and construction services throughout the United States. Defendant Sovernet is a Vermont corporation that provides internet and telecommunication services for residential and business customers throughout northern New England. Defendant OHCP is a Delaware corporation, with its principal place of business in New York, New York; through a wholly-owned subsidiary, TVC Albany, Inc., OHCP owns 100% of Sovernet's corporate stock (Affidavit of John R. Monsky, ¶¶ 2 and 11).[2] OHCP acquired its ownership of Sovernet in March of 2017 (Amended Complaint, ¶ 6).

On March 14, 2017, OHCP issued a press release announcing that it had acquired Sovernet and combined its operations with those of FirstLight Fiber, another OHCP subsidiary (Exhibit 1 to Plaintiff's Opposition to OHCP's Motion to Dismiss). FirstLight's President stated that he expects the combination with Sovernet to be a "seamless integration" (Id.). According to the press release, at least two seats on FirstLight's board of directors are occupied by partners at OHCP (Id.). OHCP further stated that it "works actively in partnership with management [of its subsidiaries] to implement strategic and operational initiatives to create franchise value" (Id.).

OHCP is not registered to do business in the State of Vermont and does not conduct business in the State of Vermont (Monsky Affidavit, ¶ 4). OHCP does not own, operate or maintain any office, real estate or personal property in the State of Vermont (Id., ¶¶ 5-7). OHCP does not have employees who work in the State of Vermont, and OHCP does not maintain a mailing address in the State of Vermont (Id., ¶¶ 8-9).

OHCP contends that its contacts with the State of Vermont are insufficient to allow this court to exercise personal jurisdiction over it. Plaintiff argues that this court can exercise jurisdiction over OHCP because Sovernet, a wholly owned subsidiary of OHCP, is a Vermont corporation doing business in Vermont, and, "based upon the close relationship between the two companies," Sovernet's Vermont contacts "may be attributed to OHCP" (Plaintiff's Opposition, p. 1). In the alternative, Plaintiff argues that "Sovernet's submission to jurisdiction in [Section A.13.1.2 of] its Agreement [with the Plaintiff], may be invoked to establish jurisdiction over OHCP" (Id., pp. 1-2).

"Vermont's long-arm statue, 12 V.S.A. § 913(b), permits state courts to exercise jurisdiction over nonresident defendants 'to the full extent permitted by the Due Process Clause' of the U.S. Constitution." Fox v. Fox, 2014 VT 100, ¶ 9, 197 Vt. 466 (quoting Northern Aircraft, Inc. v. Reed, 154 Vt. 36, 40 (1990)). The Due Process Clause has been held to permit the exercise of personal jurisdiction "over a defendant in any state where the defendant has 'certain minimum contacts ... such that the maintenance of the

---

[1] The facts set forth in this paragraph come from this court's Ruling on Plaintiff's Motion for an Attachment on Business Assets, entered October 31, 2017.

[2] TVC Albany, Inc. owns all of the corporate stock of Sovernet Holding Corporation, a Delaware corporation, and Sovernet Holding Corporation owns all of the corporate stock of Sovernet, Inc. (Monsky Affidavit, ¶ 11).

suit does not offend traditional notions of fair play and substantial justice.'" Id.¶ 26. The "minimum contacts" requirement ensures that defendants will have "fair warning" that they can be called before a state's courts on account of the defendant's own activities directed at the forum state or towards its citizens. Id. ¶ 27 (citing Burger King Corp. v. Rudzewicz, 471 U.S.462, 472 (1985)).

A court may exercise either general or specific jurisdiction over a nonresident defendant. General jurisdiction applies to suits not arising out of or related to the defendant's contacts with the forum state, Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U. s. 408, 414 n. 9 (1984), whereas specific jurisdiction exists where a defendant has "purposefully directed ... activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities." Burger King Corp., 471 U.S. at 472 (quotations and citations omitted). In either case, the U.S. Supreme Court has made it clear that "it is essential in each case that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Id. at 475. Moreover, "[u]nder this 'purposeful availment' requirement, a defendant cannot be summoned into a jurisdiction merely as a result of fortuitous, attenuated or random contacts." Northern Aircraft v. Reed, 154 Vt. 36, 41-42 (1990).

OHCP does not have sufficient contacts with the State of Vermont in general to justify this court exercising personal jurisdiction over it in this case. As noted above, OHCP is not registered to do business in Vermont and does not conduct business here. OHCP does not own, operate or maintain any office, real estate or personal property in Vermont, it does not have employees who work in Vermont, and it does not maintain a mailing address in Vermont. Bechard v. Constanzo, 810 F. Supp. 579, 585 (D. Vt. 1992) (no general personal jurisdiction over N.Y. physician, who treated a Vermont resident in the physician's N.Y. office, where the physician had no office in Vermont, was not licensed in Vermont, owned no property in Vermont, and solicited no business in Vermont). Plaintiff argues in a footnote that OHCP's ownership of Sovernet is sufficient to support a finding of general jurisdiction because OHCP owns Sovernet and Sovernet is a Vermont corporation headquartered and doing business in Vermont. The court disagrees. OHCP's ownership of Sovernet may be relevant to the question of specific jurisdiction, but, standing alone, it does not support a finding of general jurisdiction. See Mansfield Heliflight, Inc. v. Heli-One Canada, Inc., 2012 WL 4479851 at *5 (D. Vt. September 28, 2012).

On the question of specific jurisdiction, Plaintiff has come forward with evidence that on Marcy 14, 2017, OHCP issued a press release announcing that it had acquired Sovernet and merged Sovernet's operations with those of FirstLight Fiber, another OHCP subsidiary. According to the Plaintiff, FirstLight's President stated in the release that he expects the combination with Sovernet to be a "seamless integration." Plaintiff further avers that, according to the press release, at least two seats on FirstLight's board of directors are occupied by partners at OHCP. Plaintiff further quotes OHCP as stating that it "works actively in partnership with management [of its subsidiaries] to implement strategic and operational initiatives to create franchise value." OHCP disagrees strongly with Plaintiff's selections of quotes from the press release and with

Plaintiff's interpretation of what those quotes mean. However, in determining whether a plaintiff has met its initial burden to sustain jurisdiction, the court "eschews fact finding and simply accepts 'properly supported proffers of evidence' as true and rules on the jurisdictional question as a matter of law." Schwartz v. Frankenhoff, 169 Vt. 287, 295 (1999) (citation omitted).

Although the Plaintiff has not come forward with any evidence that OHCP itself has purposely directed any activities at the forum state or towards its citizens, Plaintiff's evidence of OHCP's post-stock-acquisition control over Sovernet (merging Sovernet into another OHCP subsidiary, OHCP's representation on the subsidiary's board of directors, and OHCP's policy of actively partnering with the management of its subsidiaries) could justify imputing Sovernet's contacts with Vermont to OHCP on a theory that Sovernet is "an 'agent' or a 'mere department' of" OHCP. Mansfield Heliflight at *6 (citation omitted). However, this would only justify imputing Sovernet's Vermont activities to OHCP from the date of OHCP's stock acquisition in March of 2017 forward. Clearly, it would not justify imputing Sovernet's pre-acquisition actions to OHCP, in the absence of evidence that OHCP was asserting control over Sovernet before OHCP became its owner.

All of the events that give rise to Plaintiff's claims against the defendants in this case occurred *before* OHCP acquired Sovernet. As noted earlier, Plaintiff entered into a contract to design and build a datacenter for Sovernet in November of 2014. Plaintiff achieved substantial completion of the project in December of 2016, and in January of 2017 Plaintiff submitted its application for final payment to Sovernet. Then, on March 15, 2017, Plaintiff sent an email to Sovernet stating "[w]e have reached final completion of your punch list." Plaintiff commenced this lawsuit on March 21, 2017, and on April 6, 2017, Plaintiff sent Sovernet a letter stating that, due to Sovernet's failure to pay the remaining amounts owed for the completed work on the datacenter, Plaintiff had stopped work on the project. Thus, by the time OHCP had acquired Sovernet in March of 2017, Plaintiff had already completed its construction of Sovernet's datacenter, and Sovernet had already refused to make final payment for the Plaintiff's work.

Because Sovernet was not acting as "an agent" or a "mere department" of OHCP at the time when the events occurred that give rise to the Plaintiff's claims in this case, Sovernet's pre-stock-acquisition contacts with Vermont cannot be imputed to OHCP. Put another way, this court cannot assert specific personal jurisdiction over OHCP because none of Plaintiff's alleged injuries arise out of or relate to activities that are imputable to OHCP. Burger King Corp., 471 U.S. at 472 (Holding that specific jurisdiction exists where a defendant has "purposely directed ... activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities."). For the same reasons, OHCP could not have had fair warning that, by virtue of its March 2017 stock acquisition of Sovernet, it could be called before a court in Vermont on account of Sovernet's pre-acquisition activities. Id.

Lastly, the fact that the Agreement between Sovernet and the Plaintiff contained a forum selection clause, selecting Vermont as the forum for resolution of disputes arising under the Agreement, does not change the result. Under the circumstances in

this case, OHCP could not reasonably have been expected to foresee that, by acquiring Sovernet's corporate stock in March of 2017, it was exposing itself to being sued in Vermont over Sovernet's pre-acquisition acts and omissions.

For the foregoing reasons, OHCP's motion to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction pursuant to V.R.C.P. 12(b)(2) must be GRANTED.

<u>OHCP's Motion to Dismiss Pursuant to V.R.C.P. 12(b)(6)</u>

OHCP also moves to dismiss Plaintiff's one count of unjust enrichment for failure to state a claim upon which relief can be granted pursuant to V.R.C.P. 12(b)(6). Plaintiff opposes the motion.

Because the court has concluded that Plaintiff's suit against OHCP must be dismissed without prejudice for lack of personal jurisdiction pursuant to V.R.C.P. 12(b)(2), there is no need for the court to determine whether Plaintiff has plead a viable claim against OHCP for unjust enrichment. Therefore, the court declines to do so.

Plaintiff's claim against OHCP is DISMISSED without prejudice for lack of personal jurisdiction. The remaining parties shall within ten (10) days agree upon and submit a proposed scheduling order for the court's consideration.

SO ORDERED this 7th day of November, 2017.

_____

Robert A. Mello, Superior Judge